**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-2154**

---

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

PATTY JEAN CYRUS,

                                    Claimant - Appellant,


        and


CLARENCE EDWARD CYRUS, a/k/a Red, a/k/a CC,

                                    Defendant.

---

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Cameron McGowan Currie, District
Judge.  (CR-99-221)

---

Submitted:  June 23, 2004          Decided:  July 14, 2004

---

Before WIDENER, GREGORY, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

William Isaac Diggs, DIGGS, DIGGS & AXELROD, Myrtle Beach, South
Carolina, for Appellant.  J. Strom Thurmond, Jr., United States
Attorney, Mark C. Moore, Chief, Narcotics Unit, Beth Drake,

Assistant United States Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Patty Jean Cyrus appeals the district court's order directing the forfeiture to the United States of certain real property in Florence, South Carolina.* The district court found that the property was purchased with drug proceeds and that Cyrus was not, as she claimed, the bona fide purchaser of the property. Evidence before the court demonstrated that the property was instead purchased by Cyrus' brother, Clarence Cyrus, with proceeds obtained from his distribution of cocaine and crack.

The sole issue raised on appeal is whether the district court should have recused itself pursuant to 28 U.S.C. § 455(a) (2000). The district court presided at the trial and sentencing of Clarence Cyrus. At sentencing, the court commented that it believed that Cyrus and her uncle, Robert Singletary, had lied under oath when they testified that Patty Cyrus purchased the property. Cyrus claims that the court's comment disclosed that the judge had a pre-existing bias that reasonably placed in question the court's impartiality at the ancillary forfeiture proceeding.

Under § 455(a), any alleged bias ordinarily must stem from an extrajudicial source and result in an opinion on the merits that is based on something other than what the judge learned from participating in the case. <u>Liteky v. United States</u>, 510 U.S. 540,

---

*The court also ordered the forfeiture of $690,000 plus interest; however, it is only the forfeiture of the real property that Patty Cyrus contests.

- 3 -

555 (1994).  Our review of the record discloses that the court's opinion was not based on any extrajudicial source and that there existed no "deep-seated favoritism or antagonism that would make fair judgment impossible." See id.  Accordingly, we conclude that the district court did not abuse its discretion in denying the motion for recusal, and we affirm.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

AFFIRMED